UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTIE LEE BURGDORF,

       Plaintiff,

                                                Case Number 10-13719
v.                                             Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART JUDGE RANDON'S REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING THE DECISION OF THE COMMISSIONER**

Plaintiff Christie Burgdorf filed a complaint on September 17, 2010, appealing the decision of the Commissioner of Social Security (the "Commissioner") denying her claims for a period of disability, disability insurance benefits, and/or Supplemental Security Income under Titles II and XVI of the Social Security Act. ECF No. 1. On March 7, 2011, Plaintiff filed a motion for summary judgment, arguing that the opinions and conclusions of the Administrative Law Judge ("ALJ") are contrary to the law, statutes, the medical opinions, medical records, and testimony which are a part of the Social Security Record and that the decisions and conclusions of the ALJ are not based upon substantial evidence on the record as a whole. Plaintiff's primary argument is that the ALJ improperly rejected the opinions of her treating psychiatrist, Dr. Greene, who diagnosed Plaintiff with bipolar disorder, post traumatic stress disorder, and panic disorder with agoraphobia and concluded that Plaintiff was unable to work. ECF No. 14. The Commissioner also filed a motion for summary judgment, contending that Dr. Greene's opinions were properly discounted, and that

the evaluations of Drs. Zarski and Kwon upon which the ALJ relied were inconsistent with Dr. Greene's opinions.  ECF No. 17.

United States Magistrate Judge Mark A. Randon issued a report and recommendation (ECF No. 19) on October 31, 2011, recommending that the Court grant Defendant's motion for summary judgment (ECF No. 17), grant in part Plaintiff's motion for summary judgment (ECF No. 14), and that the decision be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). More specifically, Judge Randon concluded that Dr. Kwon's opinions that Plaintiff had moderate depression and that her depressed mood and panic attacks were problematic, were not diametrically opposed to Dr. Greene's opinions because Dr. Kwon did not perform a functional assessment of Plaintiff. The other doctors, Zarksi and Kriauciunas, essentially functioned as a single evaluator with Dr. Zarksi examining Plaintiff but making no functional assessment and Dr. Kriauciunas providing a functional assessment based on Plaintiff's records through 2007, but not examining Plaintiff.  Drs. Zarski and Kriauciunas found Plaintiff's mental capacity to be mild to moderately limited. Judge Randon also found Dr. Kriauciunas' opinion to be at least as conclusory as Dr. Greene's, and noted that it is inconsistent, on the one hand, to discount a treating source's opinion as not well-explained yet fully credit a conclusory opinion of a non-examining, one time evaluator who reviewed a limited record. *See* 20 C.F.R. § 404.1527(d)(3). Judge Randon concluded that it was error for the ALJ to not accord Dr. Greene's opinions great deference, and instead assign Dr. Greene's opinions less than controlling weight based on the agency physicians' contrary assessment.  Judge Randon further concluded that the ALJ did not provide good reasons for doing so and that the ALJ's decision to reject Dr. Greene's opinion was not supported by substantial evidence. As such, Judge Randon recommended that this is not one of the limited situations in which the ALJ's procedural error may

be overlooked as harmless, and remand is required. In sum, Judge Randon recommends granting Plaintiff's motion for summary judgment and denying Defendant's motion for summary judgment on this assignment of error. Judge Randon's report and recommendation will thus be rejected in part only to the extent that the recommendation and conclusion recommend granting Defendant's motion for summary judgment because the conclusions reached by Judge Randon in the analysis section of his report only reflect a recommendation to deny Defendant's motion for summary judgment in part.

Judge Randon also disagreed with Plaintiff's assertion that the ALJ did not fully and fairly develop the administrative record and conducted an improper hearing. Judge Randon did agree with the Commissioner that it does not appear that the ALJ was biased and that Plaintiff had not satisfied her burden of proof on this issue. Moreover, the ALJ did not have a heightened duty to develop the administrative record because Plaintiff was represented by counsel, the ALJ advised Plaintiff at the beginning of the hearing to speak freely, the ALJ was well-prepared for the hearing as evidenced by the transcript, and the ALJ allowed Plaintiff to supplement the record post-hearing. Accordingly, Judge Randon recommends granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment on this assignment of error.

Plaintiff's next assignment of error is that the ALJ failed to discuss Plaintiff's sister's testimony in his decision and did not make a credibility judgment as to Plaintiff's sister. Judge Randon notes that the former assignment of error is factually incorrect as the ALJ referenced Plaintiff's sister's testimony twice in his decision. Judge Randon agrees with Plaintiff to the extent that the ALJ did not make an explicit credibility judgment but implicitly made such a judgment for the same reasons he discounted Plaintiff's testimony. Judge Randon concluded that the ALJ's failure to make an explicit credibility determination is not reversible error. Judge Randon thus recommends denying Plaintiff's motion for summary judgment on this assignment of error.

Finally, Plaintiff contends that Dr. Kwon was a treating source and implies that the ALJ erred in not giving him treating-source deference. Judge Randon concluded that Plaintiff's two visits to Dr. Kwon during a two-month period did not evidence the type of longitudinal relationship that warrants treating-source deference and Plaintiff's motion for summary judgment on this error should be denied.

Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations. 28 U.S.C. § 636(b)(1). The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id.* Where, as here, neither party objects to the report, the district court is not obligated to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

Accordingly, it is **ORDERED** that Judge Randon's report and recommendation (ECF No. 19) is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that the Defendant's motion for summary judgment (ECF No. 17) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Plaintiff's motion for summary judgment (ECF No. 14) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the decision of the Commissioner is **REMANDED** for further consideration of Plaintiff's disability claim in accordance with the guidance provided by Judge Randon's report and recommendation.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: November 28, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 28, 2011.

                                            s/Tracy A. Jacobs
                                            TRACY A. JACOBS